IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FREDERICK BANKS, #05711-068**   **PLAINTIFF**

**VERSUS**   **CIVIL ACTION NO. 5:09-cv-114-DCB-MTP**

**JOHN DOES, et al.**   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff, an inmate of the Bureau of Prisons, filed this *Bivens* complaint[1] on July 16, 2009. An order [3] was entered on July 17, 2009, directing the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Plaintiff failed to comply with this order. The order warned Plaintiff that his failure to keep this Court informed of his current address or his failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.

On September 14, 2009, an order [4] was entered directing the Plaintiff to show cause, on or before September 24, 2009, why this case should not be dismissed for his failure to comply with the July 17, 2009 order. In addition, Plaintiff was directed to comply with the Court's July 17, 2009 order by filing the required documentation, on or before September 24, 2009. The show cause order [4] warned Plaintiff that his failure to keep this Court informed of his current address or his failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice.

The Plaintiff has failed to comply with two court orders. This Court has the authority to

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Plaintiff has not contacted this Court since July 16, 2009. The Court concludes that dismissal of this action for Plaintiff's failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Defendants have not been called on to respond to the Plaintiff's pleading, and the Court has not considered the merits of the Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 9th day of October, 2009.

s/David Bramlette
UNITED STATES DISTRICT JUDGE